IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA VALLES MOORES,

        Plaintiff,

v.                                                                Civ. No. 09-690 RHS/DJS

SANDIA CORPORATION,
a Delaware Corporation,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court in consideration of Defendant's Motion for Summary Judgment, filed March 8, 2010 **[Doc. 37]**. Having reviewed the parties' submissions, the relevant authorities, and being otherwise advised in the premises, the Court finds that Defendant's motion is not well-taken and will be denied.

*Background*

Plaintiff initiated this lawsuit in the Second Judicial District Court of New Mexico. On July 16, 2009, Defendant removed the case to this Court asserting diversity jurisdiction. (See Notice of Removal **[Doc. 1]**). In her Complaint for Damages due to Wrongful Termination ("Complaint"), Plaintiff alleges that she was wrongfully terminated due to Defendant's breach of contract and negligent and reckless conduct. (See Complaint, Ex. A, attached to Notice of Attachment and Remarking of Exhibits, filed Jul. 17, 2009 **[Doc. 3]**). In its motion, Defendant argues that Plaintiff's Complaint should be dismissed because: (1) Plaintiff voluntarily quit her job at Sandia; (2) Plaintiff was employed "at will"; and (3) Plaintiff did not incur any damages.

*Standard of Review*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). A "genuine issue" exists where the evidence before the Court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party as to that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986). A fact is "material" if it might affect the outcome of the case. Id. at 248. When applying this summary judgment standard, the Court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." Simms v. Oklahoma ex rel. Dept. of Mental Health and Substance Abuse Services, 165 F.3d 1321, 1326 (10th Cir. 1999) (citation omitted).

*Discussion*

Having considered the pleadings submitted in this case, the Court finds that genuine issues of material fact preclude the entry of summary judgment on the grounds asserted by Defendant. There appears to be little dispute between the parties regarding the chronology of events or the vast majority of factual allegations. (See, e.g., Response in Opposition to Defendant's Motion for Summary Judgment at 3-5, filed Mar. 25, 2010 **[Doc. 41]** (admitting "[f]or the purposes of this motion only" all of Defendant's statements of fact)). For the most part, the parties primarily disagree with respect to the inferences that might reasonably be drawn from the facts. In determining whether to grant or deny summary judgment, the Court considers the evidence and inferences in the light most favorable to Plaintiff. Applying this standard to the facts and evidence presented in this case, the Court concludes that it is for a jury to determine: (1) whether Plaintiff voluntarily resigned or was involuntarily terminated from her job at Sandia; (2) whether an employment contract existed between Plaintiff and Sandia; and, (assuming liability on the part of Defendant) (3) whether and to what extent Plaintiff incurred damages.

Finally, the Court believes that a list of stipulated facts and/or a chronology of events would be useful in preparing various documents, such as a pretrial report, a statement of the case, or jury instructions.  Thus, the Court will direct the parties to jointly prepare and submit a list of stipulated facts and events to assist the Court in the preparation of these and/or other documents.

WHEREFORE,

IT IS ORDERED that Defendant's Motion for Summary Judgment **[Doc. 37]** is DENIED.

IT IS FURTHER ORDERED that the parties are directed to jointly prepare and submit a list of stipulated facts and events on or before <u>Friday</u>, <u>August 6, 2010.</u>

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE